UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16CV787

| | | |
|---|---|---|
| **DIONTE M. HUEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **NANCY A. BERRYHILL, Acting Commissioner** | ) | |
| **of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court upon Plaintiff's Motion for Summary Judgment (Doc. No. 12) and the Commissioner's Motion for Summary Judgment (Doc. No. 16). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Administrative History

Plaintiff filed an application for a period of disability and Disability Insurance Benefits in July of 2012, alleging a disability onset date of March 9, 2001. Plaintiff's claim was denied both initially and on reconsideration; thereafter, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was

unfavorable to Plaintiff, from which Plaintiff appealed to the Appeals Council. On September 15, 2016, the Appeals Council issued a final decision on Plaintiff's applications, which is the final decision of the Commissioner. Thereafter, Plaintiff timely filed this action.

## II. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, *supra*. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays v. Sullivan*, *supra*.

## III. Substantial Evidence

### A. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The

Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and

(5) Whether the claimant is able to do any other work, considering her RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i-v). In this case, the Commissioner determined Plaintiff's claim at the fourth, and in the alternative, the fifth step of the sequential evaluation process.

### B. The Administrative Decision

In her decision, the ALJ first concluded that Plaintiff had not engaged in substantial gainful activity since July 27, 2012, the application date (Tr. 20). At the second step, the ALJ concluded that Plaintiff had the following severe

impairment: schizophrenia. *Id*. At the third step, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 21-22).

The ALJ then found that Plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the Plaintiff could perform simple, routine, and repetitive tasks (Tr. 22). The Plaintiff could have occasional interaction with the general public and coworkers. *Id*. The work can have no production rate requirements and involve few, if any, work place changes. *Id*. In making this finding, the ALJ considered all symptoms and the extent to which these symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, as required by 20 C.F.R. § 404.1529 and SSRs 96-4p and 96-7p. *Id*. While the ALJ found that the Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, she determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible (Tr. 23).

At step four, the ALJ found the Plaintiff was capable of performing past relevant work as a customer service associate as actually performed (Tr. 26).

Further, the ALJ found the Plaintiff's work as a customer service associate was relevant in that it was performed within the past 15 years, was performed long enough to learn it, and performed at the substantial gainful activity level (Tr. 26). In the alternative, the ALJ also found, relying on the testimony of the VE, considering the Plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that the Plaintiff was capable of making a successful adjustment to performing (Tr. 27). Specifically, the ALJ found the Plaintiff was able to perform the requirements of representative occupations such as a Hand Packer, specific vocational preparation, Inspector, and Garment Marker (Tr. 27). Ultimately, the ALJ found the Plaintiff had not been under a disability as defined in the Act since July 27, 2012, Plaintiff's application date and June 24, 2015, the date of the ALJ's decision (Tr. 28).

### C. Discussion

Plaintiff has made the following assignments of error: 1) whether the ALJ erred in the formulation of the RFC by failing to give a full function-by-function analysis of the nonexertional mental functions associated with the claimant's mental impairments; 2) whether the ALJ erred by failing to explain why limitations contained in the medical opinions to which she gave great weight were not

included in the RFC; and (3) whether the ALJ erred by relying on VE testimony that appears to conflict with the DOT.

Plaintiff alleges the ALJ erred in her assessment of his RFC because she found he has moderate difficulties maintaining concentration, persistence or pace but she did not make a finding regarding his ability to perform work related functions for a full workday and the ALJ did not make a finding as to his ability to stay on task based on the Fourth Circuit's holding in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). According to Plaintiff's allegations "[p]er the 4th circuit only a determination of [his] ability to stay on task for a full workday and workweek will account for his difficulties with concentration, persistence or pace" (Pl. Memo 6). In addition, again based on *Mascio*, Plaintiff alleges the ALJ erred because he finds that the ALJ's discussion of his ability to interact with others is not complete despite finding that he has moderate difficulties maintaining social functioning.

Plaintiff ignores that he bears the burden of proof to establish disability. *See* 42 U.S.C. §§ 423(d)(5)(A), 1382c(a)(3)(H)(i); 20 C.F.R. § 416.912(a). He attempts to rely on the mental residual functional capacity (MRFC) forms, which are forms used by the State agency as part of the adjudicative process. They record findings leading to an opinion. Plaintiff also ignores the fact that the answers to those questions he is attempting to rely upon led the psychological consultant to

opine that "[t]he [Plaintiff] can sustain attention and concentration to perform and complete [simple, routine, repetitive tasks] with adequate levels of persistence and pace in a low production setting" (Tr. 72).

Plaintiff asserts "[t]he narratives in this case do not adequately explain the consultants opinions noted in the check boxes" (Pl. Memo 13). This argument is without merit. For example, on January 29, 2013, Daniel Nelson, Psy.D., noted the following: Does the individual have understanding and memory limitations? Yes. Under Rate the individual's understanding and memory limitations, he found: The ability to remember locations and work- like procedures – not significantly limited; The ability to understand and remember very short and simple instructions – not significantly limited; The ability to understand and remember detailed instructions – moderately limited; Explain in narrative form the presence and degree of specific understanding and memory limitations indicated above: The claimant can understand and remember simple tasks and instructions (Tr. 71). The narrative captures the limits of the Plaintiff's RFC based on the answers to the guided questions.

The same is true for sustained concentration and persistence limitations. Dr. Nelson found: The ability to carry out very short and simple instructions – not significantly limited; the ability to carry out detailed instructions – moderately

limited; the ability to maintain attention and concentration for extended periods – moderately limited; the ability to perform activities within a schedule, maintain regular attendance, and be punctual with customary tolerances – moderately limited; the ability to sustain an ordinary routine without special supervision – not significantly limited; the ability to work in coordination with or in proximity to others without being distracted by them – not significantly limited; the ability to make simple work-related decisions – not significantly limited; the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods – moderately limited (Tr. 71-72). Explain in narrative form the sustained concentration and persistence limitations indicated above: The claimant can sustain attention and concentration to perform and complete [simple, routine, repetitive tasks] with adequate levels of persistence and pace in a low production setting. Once again, the narrative flows from the answers to the questions (Tr. 72). Contrary to Plaintiff's allegations, there is no need for the ALJ to depart from the policy as stated in the Policy Operations Manual System (POMS) Plaintiff relies upon.

    Plaintiff's arguments amount to little more than a succession of unsubstantiated conclusory statements alleging ALJ error while failing to discuss

the actual record and failing to demonstrate that what he has alleged has actually occurred. Moreover, Plaintiff has not provided a legal foundation showing that the ALJ erred.

As noted by the ALJ, when Plaintiff takes his medication, Plaintiff denies having trouble with concentration (Tr. 24, 257, 292, 293). It is well settled that "[i]f a symptom can be reasonably controlled by medication or treatment, it is not disabling." *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986). SSR 96-8p, states, "When there is no allegation of a physical or mental limitation or restriction of a specific functional capacity, and no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity." SSR 96-8P, at *1, 1996 WL 374184 (S.S.A.).

Plaintiff argues that the ALJ erred because she did not address the State agency psychological consultant's finding that he was moderately limited in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; or that he was moderately limited in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. However, the ALJ did make

findings related to these issues. These issues are manifestations of the symptoms of Plaintiff's unidentified mental impairment. When discussing Plaintiff's moderate difficulties maintaining social functioning, the ALJ found "the claimant's paranoia has consistently decreased when he was properly medicated and not abusing substances" (Tr. 21). When discussing the Plaintiff's moderate difficulties maintaining concentration, persistence or pace, the ALJ found "the claimant's symptoms have repeatedly improved when he was properly medicated and not abusing substances" (Tr. 21).

Further, the ALJ's review of the evidence showed that when the Plaintiff followed his medication treatment plan and he did not abuse substances, Plaintiff denied medication side effects and denied trouble with concentration (Tr. 24, 257, 292, 293). In addition, on January 16, 2013, psychiatrist Dr. Warren Steinmuller, conducted a psychological evaluation of the claimant that yielded a diagnostic impression of cannabis abuse, rule out dependence; psychotic disorder; and rule out psychotic disorder secondary to cannabis abuse (Tr. 24, 265). Plaintiff reported a six year history of smoking marijuana at least four times a week; his mental health treatment began after he started hearing voices (Tr. 24, 262). The Plaintiff failed to voice any significant complaints and reported that he spends time with his friends at the park daily playing basketball and talking to girls (Tr. 24,

264). Plaintiff reported spending his time sitting in his room each day writing down his thoughts and expressing his feelings in songs (Tr. 264). Plaintiff reported that he does chores such as washing dishes, taking out the trash, cleaning his room, sweeping and moping (Tr. 264). He also reported that he has friends (Tr. 264). Dr. Steinmuller opined that the Plaintiff could sustain attention to perform simple, repetitive tasks and understand, retain, and follow instructions (Tr. 24, 265). Dr. Steinmuller further opined that Plaintiff appeared to have adequate attention to perform simple repetitive tasks (Tr. 24. 265).

Psychiatrist Dr. Carla Duszlak also evaluated the Plaintiff (Tr. 281-286). Dr. Duszlak opined that the Plaintiff can interact appropriately with others on a superficial basis and accept instructions (Tr. 286). Further, she opined "[i]t is difficult to say that he is unable to work in a capacity given the fact that he is functioning reasonably well it would appear at Wal-mart at a simple job assignment (Tr. 286). The ALJ also notes that the frequency, or more appropriately, the infrequency of Plaintiff's appointments with his psychiatrist suggests medical stability (Tr. 23).

Plaintiff asserts that remand is required because the ALJ gave partial weight to the State agency psychological consultant's opinions but he asserts that the ALJ's determination is lacking in the complete analysis and explanation needed for

a meaningful review of those conclusions. Plaintiff further asserts that the missing analysis and missing findings are problematic because the record contains opinion evidence to which the ALJ said she gave weight that conflicts with his RFC, evidence that the ALJ does not address. However, Plaintiff fails to state what specific evidence the ALJ did not address or what specific findings are missing.

The ALJ noted that the State agency psychological consultant opined the Plaintiff's mental impairments cause mild limitations in his activities of daily living and social functioning, moderate limitation in his concentration, persistence or pace, and no episodes of decompensation (Tr. 24, 69). The Plaintiff was found to be limited in his ability to adapt to changes and stress in the workplace and he was limited in his ability to interact with others and would work best in a setting that does not require public interaction (Tr. 24, 72). Nevertheless, he can sustain attention and concentration to understand, remember, preform, and complete simple, routine, repetitive tasks with adequate levels of persistence and pace in a low production setting (Tr. 24, 72). The ALJ noted that the opinion was affirmed upon reconsideration (Tr. 76-90). The ALJ gave partial weight to these opinions because she found the medical records support a finding that Plaintiff has moderate limitations in his ability to interact socially but she concurred the with consultants finding that the claimant has moderate limitations in his concentration, persistence,

and pace, and he was limited to unskilled work (Tr. 24). Thus, the ALJ found, based on her review of the medical evidence that the Plaintiff was more limited than the State agency psychological consultants opined. The Court finds that substantial evidence supports the ALJ's RFC assessment.

Plaintiff argues that the ALJ erred at step four because his work pushing carts at Walmart is not past relevant work. Plaintiff correctly notes that "[p]ast relevant work is work that you have done within the past 15 years, that was substantial gainful activity (SGA), and that lasted long enough for you to learn to do it." 20 C.F.R. § 416.960(b)(1). He then asserts that his prior work does not get past the first of these prongs because the evidence of record shows that he has never worked at SGA levels having lifetime earnings of $2,558.94 in 2013 and $1,219 in 2014 (Pl. Memo 19; Tr., 154-157). He states that SGA in 2013 was $1,040.00 per month and in 2014 it was $1,070, then divides his earnings from 2013 and 2014 by 12 to show that he did not earn at SGA levels (Pl. Memo 19). The Plaintiff's analysis would have been appropriate for determining whether work he was then currently doing amounted to SGA at step one.

However, under the Commissioner's regulations a determination of whether one's past work qualifies as SGA is made by considering "[i]f your duties require use of your experience, skills, supervision and responsibilities, or contribute

substantially to the operation of a business, this tends to show that you have the ability to work at the substantial gainful activity level." 20 C.F.R. § 416.973(a). Further:

> We consider how well you do your work when we determine whether or not you are doing substantial gainful activity. If you do your work satisfactorily, this may show that you are working at the substantial gainful activity level. If you are unable, because of your impairments, to do ordinary or simple tasks satisfactorily without more supervision or assistance than is usually given other people doing similar work, this may show that you are not working at the substantial gainful activity level. If you are doing work that involves minimal duties that make little or no demands on you and that are of little or no use to your employer, or to the operation of a business if you are self-employed, this does not show that you are working at the substantial gainful activity level.

20 C.F.R. § 416.973(b). Here, as noted by the ALJ, Dr. Duszlak noted "It is difficult to say that [Plaintiff] is unable to work in a capacity given the fact that he is functioning reasonably well it would appear at Wal-mart at a simple job assignment" (Tr. 25, 286). Thus, there is substantial evidence that Plaintiff's work at Walmart would qualify as SGA.

Because Plaintiff's allegations of error fail, and the Court finds that the ALJ correctly determined that Plaintiff is not disabled at step four, it is unnecessary for the Court to address Plaintiff's allegation of error at step five.

## IV. Conclusion

The undersigned has carefully reviewed the decision of the ALJ and Appeals Council, the transcript of proceedings, Plaintiff's motion and briefs, the Commissioner's responsive pleadings, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. Accordingly, Plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED**;

(2) the Plaintiff's Motion for Summary Judgment (Doc. No. 12) is **DENIED**; and

(3) the Commissioner's Motion for Summary Judgment (Doc. 16) is **GRANTED.**

Signed: December 11, 2017

Graham C. Mullen
United States District Judge